UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID C. LETTIERI,

        Petitioner,

    v.
                                    22-CV-926-LJV
                                        DECISION & ORDER

PAUL E. BONANNO,

        Respondent.

---

The *pro se* petitioner, David C. Lettieri, is a pretrial detainee confined at the Niagara County Jail. He is awaiting trial in this Court on an indictment charging him with enticement of a minor in violation of 18 U.S.C. § 2422(b). *See United States v. Lettieri*, Case No. 21-cr-20-LJV-MJR, Docket Item 11 (W.D.N.Y. Feb. 10, 2021). Late last year, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging various proceedings in that case. Docket Item 1.

On March 7, 2023, this Court dismissed Lettieri's petition on the grounds that a habeas petition is not the proper vehicle to challenge his ongoing criminal case.[1] *See* Docket Item 7 at 2-3. Lettieri now has asked this Court to reconsider that decision.

---

[1] In a separate order, this Court also dismissed a second petition that Lettieri brought under 28 U.S.C. § 2241. *See Lettieri v. Bonanno*, Case No. 22-cv-927-LJV, Docket Item 8 (W.D.N.Y. Mar. 7, 2023). Lettieri has asked this Court to reconsider that decision as well. *See Lettieri*, Case No. 22-cv-927-LJV, Docket Item 10 (W.D.N.Y. Apr. 3, 2023). That motion is addressed in a separate order.

Docket Item 9.  He also "request[s] that [the undersigned] be removed from [the] case."[2]  Docket Item 10 at 2.  For the reasons that follow, Lettieri's motions are denied.

## **LEGAL PRINCIPLES**

"The standard for granting" a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and internal quotation marks omitted).  A party seeking reconsideration cannot "merely offer the same arguments already briefed, considered[,] and decided, nor may a party advance new facts, issues[,] or arguments not previously presented."  *Acao v. Holder*, 2014 WL 6460120, at *1 (W.D.N.Y. Nov. 17, 2014) (citation and internal quotation marks omitted).

---

[2] After filing those motions, Lettieri appealed this Court's decision.  Docket Item 12.  The Second Circuit has stayed the appeal pending resolution of these motions.  Docket Item 14.

**DISCUSSION**

I.  **MOTION TO RECUSE**

As an initial matter, Lettieri has "request[ed] that [the undersigned] be removed from [this] case," Docket Item 10 at 2, which this Court construes as a motion for recusal. "Under 28 U.S.C. § 144, a litigant may seek recusal of a judge if the litigant files 'a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party.'" *Adams v. Taylor*, 2022 WL 17330775, at *1 (W.D.N.Y. Nov. 29, 2022). "Title 28 U.S.C. § 455(a)," meanwhile, "requires a judge to recuse himself 'in any proceeding in which his impartiality might reasonably be questioned.'" *Cox v. Onondaga Cnty. Sheriff's Dep't*, 760 F.3d 139, 150 (2d Cir. 2014). "Recusal motions are committed to the sound discretion of the district court." *Adams*, 2022 WL 17330775, at *1 (alterations, citation, and internal quotation marks omitted).

Lettieri apparently believes that recusal is warranted here because the delay between Lettieri's filing the motion to proceed *in forma pauperis* on December 29, 2022, and this Court's dismissal of Lettieri's petition on March 7, 2023, violated his due process rights. *See* Docket Item 10. The passage of about two months between Lettieri's motion and this Court's order is not a valid basis for recusal. *See Qualls v. United States*, 2018 WL 1513625, at *2 (E.D.N.Y. Mar. 27, 2018) ("Delays in entering judgment or rendering a decision are not bases for recusal."); *see also United States v. LaMorte*, 940 F. Supp. 572, 577 (S.D.N.Y. 1996) (45-month delay in resolving motion did not warrant recusal), *aff'd*, 112 F.3d 506 (2d Cir. 1997). And to the extent that Lettieri seeks recusal because this Court dismissed his petition, "[p]rior rulings are,

ordinarily, not a basis for disqualification." *Gallop v. Cheney*, 645 F.3d 519, 520 (2d Cir. 2011).  Because Lettieri has not pointed to anything that would warrant recusal here, and because this Court has no bias and knows no reason why its impartiality might be questioned, Lettieri's motion for recusal is denied.

**II.     MOTION FOR RECONSIDERATION**

This Court dismissed Lettieri's habeas petition under 28 U.S.C. § 2241 on the grounds that "the general rule [is] that [section] 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial." *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2019).  Instead, for a federal pretrial detainee such as Lettieri, "the appropriate vehicle" to challenge "violations of his constitutional rights" in an ongoing criminal case "are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition." *United States v. Shine*, 2018 WL 4627137, at *3 (W.D.N.Y. Apr. 9, 2018) (alterations omitted), *adopted*, 2018 WL 3737877 (W.D.N.Y. Aug. 7, 2018).

Lettieri seeks reconsideration of that decision and renews his claims challenging the ongoing proceedings in his criminal case.  *See* Docket Item 9 at 1-2.  He also says that he was "subject to prejudicial delay" because about two months elapsed between Lettieri's moving to proceed *in forma pauperis* and this Court's dismissing his petition.  *See id.* at 1.  For all the reasons stated in this Court's prior decision, Lettieri's challenges to his ongoing criminal case should be pursued in that case, and Lettieri does not point to anything that this Court overlooked in reaching that conclusion.  Moreover, Lettieri's objection to this Court's purported delay in resolving his petition is not the sort of information that "might reasonably be expected to alter [this Court's prior]

4

conclusion." *Shrader*, 70 F.3d at 257. Lettieri's motion for reconsideration therefore is denied.

## CONCLUSION

For the reasons stated above, Lettieri's motion for recusal, Docket Item 10, and his motion for reconsideration, Docket Item 9, are DENIED. This Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:  April 24, 2023
        Buffalo, New York

                                         */s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE