UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID C. LETTIERI,

                Petitioner,

      v.

PAUL E. BONANNO,

                Respondent.

_____

22-CV-926-LJV
DECISION & ORDER

On November 29, 2022, the *pro se* petitioner, David C. Lettieri, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Docket Item 1. On March 7, 2023, this Court dismissed the petition on the ground that it was not the proper vehicle to challenge Lettieri's pretrial detention and pending criminal prosecution. *See* Docket Item 7 at 2-3. On March 27, 2023, Lettieri moved for (1) reconsideration of the Court's decision, Docket Item 9; and (2) the Court's recusal, Docket Item 10. A few days later, Lettieri appealed this Court's decision dismissing his petition. Docket Item 12.

After the Second Circuit stayed the appeal pending resolution of Lettieri's motions, Docket Item 14, this Court denied the motions for reconsideration and recusal, Docket Item 15. On May 15, 2023, Lettieri appealed the decision denying those motions. Docket Item 16. On June 14, 2023, Lettieri was found guilty by a jury of enticement of a minor in violation of 18 U.S.C. § 2422(b). *See United States v. Lettieri*, Case No. 21-cr-20, Docket Item 150 (W.D.N.Y. June 14, 2023) (jury verdict). He is awaiting sentencing.

On July 14, 2023, Lettieri moved to reopen this petition and convert it to a civil action under 42 U.S.C. § 1983. Docket Item 19. He argues that he is "entitled to a

hearing for a dismiss[]al of [the] charg[e] or in turn a conver[s]ion" to an action under section 1983. *Id.* at 2. For the following reasons, the Court converts the instant motion to a motion for reconsideration and denies the motion.

## DISCUSSION

Normally, the "filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But here, this Court has the power to deny Lettieri's motion under Federal Rule of Civil Procedure 62.1, which allows a district court to deny a "timely motion . . . for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending."

"The standard for granting" a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and internal quotation marks omitted). A party seeking reconsideration cannot "merely offer the same arguments already briefed, considered[,] and decided, nor may a party advance new facts, issues[,] or arguments not previously presented." *Acao v. Holder*,

2014 WL 6460120, at *1 (W.D.N.Y. Nov. 17, 2014) (citation and internal quotation marks omitted).

Lettieri again attempts to attack his detention and criminal prosecution—and now the jury's verdict of guilty—by means of this habeas petition or a converted section 1983 action. Docket Item 19. But he does not point to anything justifying reconsideration of the decisions dismissing his petition and denying his prior motion for reconsideration. *See generally id.* Instead, he raises wholly new grounds for relief in his current motion.

For example, Lettieri says that in June 2023, he looked through the government's "3500 Exhibit List" and saw evidence that establishes his innocence. *Id.* at 1. He also raises purported evidentiary issues with an IP (internet protocol) address. *Id.* at 2. But Lettieri's petition originally asserted that his detention was unlawful based on various problems in his criminal case, including deficiencies in the charge against him, violations of his right to speedy trial, and ineffective assistance of counsel. *See* Docket Item 1. He cannot now raise entirely these new arguments in a dismissed petition. *See Acao*, 2014 WL 6460120, at *1.

Further, the jury verdict does not alter or justify reconsideration of the Court's prior holdings. Lettieri has ample procedural mechanisms to challenge the verdict in the criminal prosecution; he cannot use this dismissed petition and a motion for reconsideration to challenge his prosecution and finding of guilt. *See Burgos v. Bly*, 2014 WL 1451622, at *2 (N.D.N.Y. Apr. 14, 2014) (holding that a section 2241 petition challenging the legality of a pending criminal prosecution was best construed as a petition under 28 U.S.C. § 2255, but dismissing the petition rather than converting it because the petitioner had "not yet been convicted, much less sentenced" (citing *Zuniga*

*v. Sposato,* 2011 WL 1336396 at *2-3 (E.D.N.Y. Apr. 7, 2011))); *United States v. Gonzalez,* 2001 WL 987866 at *3 (S.D.N.Y. Aug. 30, 2001) ("[T]he filing of a pre-sentence petition pursuant to [s]ection 2241 . . . is not appropriate."); *cf. Garcon v. Palm Beach Cnty. Sheriff's Off.*, 291 F. App'x 225, 226 (11th Cir. 2008) (holding district court properly dismissed section 2241 petition brought by federal pretrial detainee who was convicted during pendency of petition and noting petitioner could pursue claims in direct appeal from judgment of conviction).

Additionally, a section 1983 action cannot be used to challenge a criminal conviction. *See Heck v. Humphrey*, 512 U.S. 477, 484-85 (1994) (inmate's claim for damages resulting from due process violations during his criminal trial was not cognizable under section 1983 until the conviction or sentence was invalidated on direct appeal or by a habeas corpus petition); *see also Covington v. City of New York*, 171 F.3d 117, 124 (2d Cir. 1999) ("[I]f success on a [section] 1983 claim would necessarily imply the invalidity of a conviction in a pending criminal prosecution, such a claim does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist." (alteration, citation, and internal quotation marks omitted)).

## CONCLUSION

Accordingly, Lettieri's motion to reopen this petition and convert it to an action under 42 U.S.C. § 1983, Docket Item 19, is denied. Lettieri is strongly cautioned that if he continues to file motions or other documents in this matter, he may be subject to sanctions, including, but not limited to, a filing injunction and fines. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in

good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 1, 2023
         Buffalo, New York

  */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE